## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA HOUSING DEVELOPMENT AUTHORITY, a Public Trust, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )       Case Number CIV-06-235-C |
| STROOCK & STROOCK & LAVAN, LLP, | ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER OF TRANSFER

Now before the Court is a Combined Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or in the Alternative to Transfer filed by Defendant Stroock & Stroock & Lavan, LLP (Stroock). Plaintiff Oklahoma Housing Development Authority (OHDA) filed a response to which Stroock filed a reply. Stroock filed a supplemental memorandum of law in support of its motion and OHDA filed a supplemental response. As a result, the motion is ripe for disposition. The Court, upon consideration of the litigants' submissions and the applicable law, now **GRANTS IN PART** Stroock's motion.

### BACKGROUND

In November 2005, Stroock mailed OHDA an invoice for legal services provided pursuant to an alleged contract between the litigants. OHDA refused payment on the basis that Stroock's purported contract was manufactured through fraud and forgery, and that OHDA never conducted business of any kind with Stroock. Stroock contends that OHDA's agent, a Missouri law firm, procured Stroock's services on behalf of OHDA and that the contract is valid and

binding.  Stroock then instituted an arbitration proceeding within the State of New York and mailed an arbitration demand to OHDA in Oklahoma.

In February 2006, OHDA filed suit against Stroock in the District Court of Oklahoma County, Oklahoma, seeking a declaratory judgment that the purported contract is null, along with a temporary injunction staying the New York arbitration proceeding.  The state court subsequently granted the requested temporary injunction.  Stroock timely removed the instant action from state court under diversity jurisdiction.

Stroock then filed the present motion pursuant to Fed. R. Civ. P. 12(b)(2) and (3), asserting that the Court lacks personal jurisdiction over it and/or that venue is proper only in the Southern District of New York.

<u>**ANALYSIS**</u>

Initially it is important to clarify precisely what is presently at issue.  The parties spend a significant portion of their briefs arguing about whether a contract existed and whether an agreement to arbitrate exists.  However, these questions are not yet ripe for decision.  What must be decided first is what court will decide those questions.  Thus, the only issues for this Court to consider are whether it may properly exercise personal jurisdiction over Stroock and/or whether venue is proper in this Court.

**I.  Personal Jurisdiction.**

Because jurisdiction in this matter is premised on diversity of citizenship, OHDA bears the burden of proving that the Court may exercise personal jurisdiction over Stroock without offending due process.  <u>Wenz v. Memery Crystal</u>, 55 F.3d 1503, 1505-06 (10th Cir. 1995).  As

the Court has not conducted an evidentiary hearing and will decide the jurisdiction question on the basis of affidavits and other written materials, OHDA's burden is light – it must only make a prima facie showing of personal jurisdiction. Id. at 1505. All factual allegations in the Petition are to be taken as true and any factual disputes between the parties are to be resolved in OHDA's favor. Id. "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." Id.

Applying these standards, the Court finds that it lacks personal jurisdiction over Stroock. As noted above, OHDA must show that the Court's exercise of personal jurisdiction over Stroock is proper under Oklahoma law and that the Fourteenth Amendment Due Process Clause is not offended. Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988). Jurisdictional analysis under Oklahoma's long-arm statute is a single-step process – Oklahoma courts may exercise any jurisdiction consistent with the Oklahoma Constitution and the United States Constitution. Id.; 12 Okla. Stat. § 2004(F).

The Fourteenth Amendment due process analysis for personal jurisdiction is well known. Stroock must have sufficient "minimum contacts" with Oklahoma for the Court to have personal jurisdiction. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The "minimum contacts" standard is applicable to the exercise of either general or specific jurisdiction. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532-33 (10th Cir. 1996). However, the minimum contacts standard is more stringent under general personal jurisdiction, as the exercise of such jurisdiction may be premised upon events or actions unrelated to the underlying suit; OHDA must demonstrate Stroock's "continuous and systematic general business contacts" in

Oklahoma. OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998) (citations and quotations omitted).  For either form of jurisdiction, if minimum contacts are found, the Court must then ensure that haling New York-based Stroock into this Court is reasonable and does not violate "traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316 (citation omitted); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

A.      **General Personal Jurisdiction and Stroock.**

If Stroock is present within Oklahoma, or its accumulated contacts with Oklahoma are "continuous and systematic," general jurisdiction is proper and Stroock is subject to suit in Oklahoma. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984); Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996).  Here, OHDA fails to allege that Stroock either was or currently is physically present in Oklahoma; that Stroock actually solicited business in Oklahoma via its telephone, facsimile, e-mail, or postal mail contacts; that Stroock sent employees or agents into Oklahoma on a regular basis to solicit business; that Stroock held itself out to others as doing business specifically in Oklahoma; or that Stroock actually conducted business in the traditional sense within Oklahoma. See Kuenzle, 102 F.3d at 457 (listing factors courts have considered in determining general jurisdiction).  Indeed, OHDA neither seriously maintains, nor do its sparse factual allegations support, the conclusion that Stroock maintained the level of continuous and systematic general business contacts necessary for general personal jurisdiction; therefore, the Court's exercise of general personal jurisdiction over Stroock would be improper.

-4-

B.      Specific Personal Jurisdiction and Stroock.

The Court may exercise specific jurisdiction over Stroock if it has purposefully directed its activities toward Oklahoma and OHDA's claims arise out of or relate to those activities and not the unilateral acts of others.  Kuenzle, 102 F.3d at 455.  OHDA proffers two arguments for the exercise of specific jurisdiction: that the alleged contract would take money out of OHDA's coffers, and that Stroock mailed its arbitration demand to OHDA in Oklahoma.  On the facts presented to the Court, OHDA's reliance on these arguments is misplaced.

OHDA's first argument fails as the transfer of money from an Oklahoma-based entity is of "negligible significance . . . [and] is not an appropriate consideration" when adjudicating a jurisdictional issue.  Helicopteros Nacionales, 466 U.S. at 416-17.  OHDA's second argument fares no better.  That Stroock mailed its arbitration demand into Oklahoma is also of negligible significance as OHDA fails to plead any facts sufficient to show that the underlying litigation results from alleged injuries that either arise out of or relate to the mailing of the arbitration demand itself.  Kuenzle, 102 F.3d at 455; Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989).  Stroock's mailing does not qualify as "affirmative conduct . . . which allows or promotes the transaction of business within [Oklahoma].  Rambo, 839 F.2d at 1420.  Moreover, OHDA fails to plead any facts sufficient to show that Stroock purposefully directed its activities toward Oklahoma on its own accord.  A thorough canvassing of the entire record before the Court, with regard to the litigants' alleged negotiations, the terms of the contract and any future consequences, and the litigants' course of dealing, fails to establish Stroock's minimum contacts with Oklahoma.  Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1080 (10th Cir. 1995).  Indeed,

-5-

Stroock's uncontroverted affidavits support the conclusion that Stroock has little, if any, contact with Oklahoma.  (Def.'s Mot., Dkt. No. 6, Exs. A, B.)

OHDA has failed to demonstrate any conduct by Stroock wherein it "purposefully avail[ed] itself of the privilege of conducting activities within [Oklahoma], thus invoking the benefits and protections of its laws"  Hanson v. Denckla, 357 U.S. 235, 253 (1958).  On the record before the Court, Stroock's conduct and connection with Oklahoma are not such that it should reasonably anticipate being haled into the United States District Court for the Western District of Oklahoma.  World-Wide Volkswagen Corp., 444 U.S. at 297.  Consequently, Stroock does not have the necessary "substantial connection" with Oklahoma sufficient for the Court to exercise specific personal jurisdiction.  Burger King Corp., 471 U.S. at 474-75.

The Court lacks personal jurisdiction over Stroock in any form.  Accordingly, the Court turns to the issue of whether transfer of the instant action to the Southern District of New York is appropriate.

## II.    Venue.

Stroock requests the Court to transfer the instant action to the Southern District of New York under either 28 U.S.C. §§ 1404(a) or 1406(a).  However, in light of the Court's lack of personal jurisdiction, 28 U.S.C. § 1631 is the proper statute.  Viernow v. Euripides Dev. Corp., 157 F.3d 785, 793, 794 n.16 (10th Cir. 1998); Ross v. Colo. Outward Bound Sch., Inc., 822 F.2d 1524, 1526-27 (10th Cir. 1987).

Section 1631 of Title 28 of the United States Code provides that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court *shall, if it is in the interest of justice, transfer*

> *such action* . . . to any other such court in which the action . . . could have been
> brought at the time it was filed . . . and the action . . . shall proceed as if it had
> been filed in . . . the court to which it is transferred on the date upon which it was
> actually filed in . . . the court from which it is transferred.

(emphasis added).  Here, the Southern District of New York may exercise personal jurisdiction over Stroock as it is a limited liability partnership organized under New York law, maintains a law office in New York, and is comprised of some partners with New York citizenship.  First Am. Corp. v. Price Waterhouse LLP, 154 F.3d 16, 19-20 (2d Cir. 1998) (discussing one method of properly exercising personal jurisdiction over New York partnership via valid service on one partner found within the forum state); Def.'s Notice of Removal, Dkt. No. 1, at 2, ¶ 5; Def.'s Mot., Ex. 3, at 3.  Venue would also be proper in the Southern District of New York given that Stroock is located there.  See 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides . . . .").

OHDA complains that transfer is improper as it is not subject to personal jurisdiction in New York.  This argument is without merit.  Lack of personal jurisdiction is a defense to be raised by a defendant, not a plaintiff.  See Fed. R. Civ. P. 12.  It is not uncommon for a plaintiff to be forced to travel to a different forum to prosecute a claim against a defendant.  Thus, to the extent OHDA wishes to proceed with this action, it must do so in a location where Stroock can properly be brought before the court.  If OHDA does not want to prosecute the suit in New York it has the right to dismiss under Fed. R. Civ. P. 41(a)(1) as Stroock has not yet filed an Answer or Motion for Summary Judgment.  Accordingly, transfer to the Southern District of New York is appropriate.

<u>CONCLUSION</u>

For reasons delineated above, Stroock's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or in the Alternative to Transfer [Dkt. No. 6] is **GRANTED IN PART**.  The Court lacks personal jurisdiction over Stroock; therefore, in accordance with 28 U.S.C. § 1631 and in the interest of justice, the Clerk is **INSTRUCTED** to transfer transfer the instant action to the United States District Court for the Southern District of New York.

IT IS SO ORDERED this 28th day of August, 2006.


ROBIN J. CAUTHRON
United States District Judge